IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DANIEL ORTIZ-MEDINA,**

*Petitioner,*

v.

**UNITED STATES OF AMERICA,**

*Respondent.*

**CIVIL NO. 20-1455 (DRD)**
(Related Cr. No. 95-42-1 (PG))

**OPINION AND ORDER**

Pending before the Court is Petitioner's *Motion for Relief Under § 2255 to Vacate, Set Aside or Correct Sentence.* (Docket No. 1) [1] The Government filed its response thereto. (Docket No. 11) Because Petitioner has failed to obtain prior approval from the First Circuit to file a second or successive petition, the Court hereby **DENIES** his request.

**BACKGROUND**

In 1996, Daniel Ortiz Medina (hereinafter, "Petitioner" and/or "Ortiz") was found guilty of: (1) conspiring to possess with intent to distribute cocaine, (2) aiding and abetting the possession of cocaine with intent to distribute, (3) aiding and abetting the use of a firearm during and in relation to a drug trafficking crime, and (4) unlawful possession of a firearm by a felon. (Cr. Docket No. 317). He was sentenced to life imprisonment. (Cr. Docket No. 328). In 2021, the Court reduced Petitioner's sentence in three occasions to a total of 595 months after considering his motion for a sentence reduction under the First Step Act and holding a re-sentencing hearing. (Cr. Docket No. 677-78). In 2000 Ortiz filed a motion pursuant to 28 U.S.C. § 2255, which was denied on the merits. (Cv. No. 00-1917, Docket No. 1, 34, 37, 38). The First Circuit also denied his application for a certificate of appealability. (Cv. No. 00-1917, Docket No. 51). The Court

---

[1] References to the docket will be as follows: Civil No. 20-1455 (Cv.); Criminal No. 95-42 (Cr.).

dismissed it as an unauthorized "second or successive" § 2255 motion. (Cr. Docket No. 609). Then again in 2020, Petitioner filed this motion under 28 U.S.C. § 2241. (Cv. Docket No. 1)

## DISCUSSION

Section 2241 affords district courts the power to issue a writ of habeas corpus if a prisoner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241. A "motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Thornton v. Sabol, 620 F.Supp.2d 203, 206 (D.Mass.2009) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2nd Cir.2001)) (emphasis in original) However, pursuant to Section 2241, district courts have to authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Therefore, a petition "must be filed in the district where the prisoner is incarcerated." Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) In the instant case, Petitioner is incarcerated in the state of Louisiana, not Puerto Rico. Thus, the court lacks jurisdiction to address his petition.

If the Court were to consider Petitioner's request pursuant to 28 U.S.C. § 2255, it still lacks jurisdiction to address his petition since, "a federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." Bucci v. United States, 809 F.3d 23, 25 (1st Cir. 2105) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)); see United States v. Pratt, 129 F.3d 54, 57 (1st Cir. 1997) (holding 28 U.S.C. § 2255(h)'s "prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward"). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the

Supreme Court." Bucci, 809 F.3d at 25-26 (citing 28 U.S.C. § 2255(h). Petitioner has failed to obtain approval from the First Circuit to file a second or successive petition with the Court. Additionally, Petitioner has failed to demonstrate that his second § 2255 petition complies with the exceptions listed above. Thus, in absence of extraordinary circumstances and without authorization from the court of appeals, this Court lacks authorization to address Petitioner's request. Petitioner did not show, despite his filings, that he obtained the First Circuit's authorization prior to filing a second or successive motion under 28 U.S.C. § 2255. See Docket No. 1 Thus, petitioner's request is hereby **DENIED.**  Judgment of dismissal is to be entered accordingly.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico this 18th day of April, 2023.

    /s/ Daniel R. Dominguez
    Daniel R. Dominguez
    United states District Judge